# Wolfinger v. Moats

*Eileen F. Schoenhofen* and *Michael B. Finucane,* for plaintiffs.
*John W. Frey,* for defendants.

KELLER, *P.J.,* January 30, 1990 — This action in equity, seeking to permanently enjoin defendants from removing certain trees on the boundary line between the real estate of plaintiffs and defendants, was commenced by the filing of a complaint on January 19, 1990. The complaint inter alia alleged that despite plaintiffs' requests the defendants began

cutting the trees on January 18, 1990 and continued that activity on January 19, 1990. Plaintiffs on the same date presented their petition for a temporary injunction alleging their fear that four trees have been removed; that the damages to the plaintiffs is immediate and irreparable; that granting the injunction will maintain the status quo and would cause less harm to defendants than not granting it would cause plaintiffs. The Honorable John R. Walker issued a decree granting the temporary injunction prayed for, on the condition a bond in the amount of $1,000 be posted by plaintiffs. The decree also ordered defendants to show cause on January 23, 1990 at 10:30 a.m. why a preliminary injunction should not issue during the pendency of the action.

The hearing was held as scheduled. The matter is ripe for disposition.

## FINDINGS OF FACT

(1) Plaintiffs' real estate is located on the north side of U.S. 30 in Guilford Township, Franklin County, Pennsylvania.

(2) The real estate of defendants is also located on the north side of U.S. Route 30 and is immediately to the east of plaintiffs' real estate.

(3) The two tracts of real estate share a common boundary line.

(4) After defendants purchased their real estate, they advised plaintiffs they desired to remove the 13 trees located near or on the common boundary line.

(5) Defendants desired to remove the trees because they had received complaints from patrons of their restaurant that the tree branches had scratched their vehicles, the trees are very dirty, their roots are raising the macadam driveway and/or parking area, and the fallen pine cones have caused damage to their riding lawn mower.

(6) Plaintiffs objected to defendants' expressed intention to remove the trees because trees are aesthetically desirable, the patrons of their car wash park under them to dry their vehicles, the trees prevent vehicles from crossing over the properties of plaintiffs and defendants to get to one or the other place of business, and because they are on the boundary line between the two tracts of real estate. They do not feel monetary damages would adequately compensate them for the loss of the trees.

(7) The trees in question are an unspecified type of evergreen pine tree, 20 to 25 feet high, with diameters of 12 to 15 inches.

(8) The first of the 13 trees is located approximately 85 feet north of U.S. Route 30. The line of trees extends in a northerly direction for approximately 135 feet.

(9) William A. Brindle, a registered land surveyor hired and called by plaintiffs, testified that he had examined the real estate here in question on the afternoon of January 19, 1990, and had located the common boundary line of the parties and the location of the trees with reference to the said line.

(10) For convenience in identification of the trees, the court has numbered them from 1 to 13 on the survey.

(11) The first five trees, numbers 1 through 5, had been cut down at the time of his survey of the premises. The stumps of those trees were near the common line but were entirely located on defendants' real estate.

(12) Proceeding north on the tree line the surveyor found and the survey discloses that trees 6, 7 and 8 encroach on the line and thus constitute line trees.

(13) The trunk of tree 9 is entirely on the property of defendants, but the bark of the trunk on the west side of the tree may touch the edge of the boundary line.

(14) Tree 9 does not encroach on the line and is therefore not a line tree.

(15) Trees 10 through 13 are entirely on the property of defendants.

## DISCUSSION

Act no. 1232, P.L. 1869, 68 P.S. 115 provides:

"From and after this date it shall be unlawful for any owner or owners of any undivided interest in timber land within this Commonwealth to cut or to remove, or to cause to be cut or removed, from the said land, any timber trees, without first obtaining the written consent of all co-tenants in said premises."

Under the terms of this rather ancient statute the owners of adjacent tracts of real estate own all trees growing on their common boundary line as tenants in common. Tenants in common are prohibited from unilaterally cutting down or removing such commonly owned line trees.

There is a surprising paucity of cases on the subject of line trees in this Commonwealth. In *Miller v. Mutzabaugh,* 3 Pa. Dist. 449 (1893), the Court of Common Pleas of Perry County relied upon Act no. 1232 of 1869 in concluding the plaintiff could recover damages from the defendant who had cut down a line tree.

Applying the general rules of law governing tenancy in common, we conclude neither adjoining real estate owner may remove a tree growing on a common boundary line. Consequently, in the case at bar, notwithstanding the fact that only inches of the

trunks of trees 6, 7 and 8 are on the boundary line between the properties of the plaintiffs and defendants, those trees are jointly owned by plaintiffs and defendants. Therefore, defendants may not remove them.

Plaintiffs contend we should reach a similar conclusion as to tree 9 because the bark of the trunk of that tree touches the boundary line. We do not agree. As noted in *Ridges v. Blaha*, 520 N.E.2d 980 (Ill. App. 2 Dist. 1988):

"The critical question in this case, then, is whether any portion of the trunk of the elm tree grows on plaintiff's property . . . 'The law, according to the latest holdings, is determined by the exact location of the trunk of the tree at the point it emerges from the ground.' "

The fact that the bark of tree 9 touches the line is insufficient to create a tenancy in common as to that tree. Trees 1 through 5 and 9 through 13 are the sole property of defendants. They may therefore do with them as they see fit.

## DECREE

Now, January 30, 1990, the preliminary injunction entered January 19, 1990 is continued in effect as to trees 6, 7 and 8, and defendants shall refrain from cutting down and removing them or from cutting any branches of said trees overhanging the real estate of plaintiffs.

The preliminary injunction of January 19, 1990 is dissolved as to trees 1 through 5 and 9 through 13. This dissolution of the injunction as to these trees shall not be construed to grant, lease or license to defendants to enter upon the real estate of plaintiffs.